IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TELECOMMUNICATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LYNNE HOUSERMAN and MOTOROLA SOLUTIONS, INC., <br><br> Defendants. <br> ─────────────────────────── <br> LYNNE HOUSERMAN, <br><br> Plaintiff, <br><br> v. <br><br> COMTECH TELECOMMUNICATIONS CORPORATION, FRED KORNBERG, AND MICHAEL D. PORCELAIN, <br><br> Defendants. | Case Nos. 2:19-cv-00336-RAJ; 2:19-cv-00644-RAJ <br><br> ORDER DENYING MOTION TO CONSOLIDATE |

This motion is before the Court on Plaintiff TeleCommunication Systems Inc.'s
motion to consolidate. Dkt. # 39. For the following reasons, Plaintiff's motion is
**DENIED** without prejudice.

On March 6, 2019, Plaintiff TeleCommunication Systems, Inc. ("TSYS") filed a complaint against Defendants Lynne Houserman and Motorola Solutions, Inc., alleging claims of breach of contract, tortious interference with contract and tortious interference with business expectancy. *See TeleCommunication Systems, Inc. v. Lynne Houserman and Motorola Solutions, Inc.*, Case No. 2:19-cv-00336-RAJ (W.D. Wash.) (the "TSYS Action"). On May 1, 2019, Plaintiff Lynne Houserman ("Houserman"), filed a complaint against TSYS's parent corporation, Comtech Telecommunications Corp., and two of its officers, Fred Kornberg and Michael D. Porcelain, alleging claims for breach of contract, violations of Washington's Wage Rebate Act, and violations of Washington's Law Against Discrimination. *See Lynne Houserman v. Comtech Telecommunications Corporation, Fred Kornberg and Michael D. Porcelain,* Case No. 19-cv-00644-RAJ (W.D. Wash.) (the "Houserman Action"). On July 8, 2019, the parties filed a stipulated motion to consolidate the TSYS Action and the Houserman Action for discovery purposes. The Court granted the motion. Dkt. # 32. TSYS now moves to also consolidate the cases for trial. Dkt. # 39.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; [or] (2) consolidate the actions . . ." Fed. R. Civ. P. 42(a). TSYS argues consolidation is appropriate in this action because the cases have common issues of fact and law. Dkt. # 39 at 8. Houserman concedes that there is some factual overlap between the two cases but argues that it is premature to also consolidate the cases for trial. Dkt. # 42 at 11. Specifically, Houserman notes that discovery in this action is just beginning and it is possible that as discovery progresses it will reveal additional facts weighing against consolidation. Dkt. # 42 at 11-12. Houserman also argues that consolidation would be substantially prejudicial to Ms. Houserman because it would reveal potentially prejudicial

information unrelated to Ms. Houserman's claims of sex discrimination, retaliation, and wrongful termination against TSYS. Dkt. # 42 at 11.

The Court agrees that TSYS' motion is premature. Although there are clearly common issues of fact, discovery in this case has only just begun and it is possible that future discovery may reveal circumstances rendering a joint trial unfeasible. In addition, the cases are already consolidated for discovery purposes, mitigating any efficiency concerns at this point in time. Accordingly, TSYS' motion is **DENIED**, without prejudice. Dkt. # 39. TSYS is free to renew it motion to consolidate at a later time, after the close of discovery.

DATED this 9th day of March, 2020.

The Honorable Richard A. Jones
United States District Judge