1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF WASHINGTON
6                           AT SEATTLE

7   TELECOMMUNICATION SYSTEMS, INC.,

8                               Plaintiff,

9          v.                                          **Case Nos. 2:19-cv-00336-RAJ-BAT**
                                                                **2:19-cv-00644-RAJ-BAT**
10  LYNNE HOUSERMAN and MOTOROLA
    SOLUTIONS, INC.,
11                                                     **ORDER REGARDING LCR 37(a)(2)**
                                                       **EXPEDITED JOINT SUBMISSION**
12                              Defendants.            **REGARDING COMTECH'S**
                                                       **OUTSTANDING DISCOVERY**
13  LYNNE HOUSERMAN,                                   **RESPONSES**

14                              Plaintiff,

15         v.

16  COMTECH TELECOMMUNICATIONS
    CORPORATION, FRED KORNBERG, AND
17  MICHAEL D. PORCELAIN,

                                Defendants.
18

19          This matter comes before the Court on the parties' joint submission pursuant to Western

20  District of Washington Local Civil Rule 37(a)(2). Telecommunication Systems, Inc ("TSYS")

21  Dkt. 68; Houserman Dkt. 84. Motorola Solutions, Inc. ("MSI") and Lynne Houserman

22  (collectively, "MSI/Houserman") seek an order from the Court requiring Telecommunication

23  Systems, Inc., Comtech Telecommunications Corp., Fred Kornberg, and Michael Porcelain

ORDER REGARDING JOINT MOTION TO
COMPEL LCR 37(a)(2) - 1

1    (collectively, "Comtech") to produce outstanding information and documents requested by MSI

2    and Ms. Houserman in *Telecommunication Systems, Inc. v. Houserman et al.* (Case No. 2:19-cv-

3    00336-RAJ-BAT) ("TSYS Case") and *Houserman v. Comtech et al.* (Case No. 2:19-cv-00644-

4    RAJ-BAT) ("Houserman Case"). These cases have been consolidated for discovery. TSYS Dkt.

5    32; Houserman Dkt. 30.

6        Having considered the parties' briefing and relevant record, the Court finds oral argument

7    unnecessary and hereby **GRANTS** the requests of MSI/Houserman as set forth herein.

8                                    **I.  BACKGROUND**

9        In the TSYS Case, Comtech alleges that MSI/Houserman breached restrictive covenants

10   and tortiously interfered with two Comtech customers—South Dakota ("Client A") and General

11   Dynamics Information Technology ("GDIT") ("Client B"). TSYS Dkt. 1. MSI/Houserman

12   contend that it was Comtech's performance failures under its contract with South Dakota that

13   caused South Dakota not to renew and to seek bids for a new contract (which neither Comtech

14   nor MSI won). As to GDIT, MSI/Houserman contend there cannot possibly be any interference

15   with or interruption of the Comtech and GDIT relationship because Comtech acquired GDIT.

16       In the Houserman Case, Ms. Houserman, a former president at Comtech, alleges, *inter

17   alia*, that Comtech discriminated against her based on her gender and improperly terminated her

18   for cause. Houserman Dkt. 76. In one of her gender discrimination claims, Ms. Houserman

19   alleges that Comtech made her bonus more difficult to achieve when compared to Comtech's

20   other (all male) presidents. Specifically, Ms. Houserman alleges that Comtech substantially

21   increased her pre-tax profit bonus goal over her projected pre-tax profit, while it appears it only

22   slightly increased other presidents' pre-tax profit bonus goals over their pre-tax profit

23

ORDER REGARDING JOINT MOTION TO
COMPEL LCR 37(a)(2) - 2

1  projections. Comtech contends that it terminated Ms. Houserman's employment because she

2  manipulated corporate financial records to enlarge her own bonus.

3      The parties agreed to ESI parameters and terms – each side agreed to search fifteen

4  custodians' email data and, in some cases, computers and phones, with dozens of search terms

5  over a multi-year period. Three of the 15 Comtech custodians chosen by MSI were Comtech

6  board members. The remaining custodians were current and former Comtech employees

7  (including its president, Fred Kornberg and COO, Mike Porcelain). TSYS Dkt. 72, Declaration

8  of Kathryn S. Rosen, ¶ 4. Using search terms chosen by MSI, Comtech searched the ESI of the

9  employee custodians, including using search terms related to South Dakota and GDIT. *Id*., ¶ 5.

10  Comtech produced 2,321 documents that have the terms "South Dakota" or "GDIT "in them. *Id*.

11  Both parties also sent comprehensive subpoenas to South Dakota's 911 Board, which has

12  responded to the subpoenas. *Id*. at ¶ 8.

13      Discovery closes on October 22, 2020. *See* March 24, 2020 Minute Order in TSYS Case

14  and Houserman Case. The parties stipulated to, and the Court entered Orders regarding ESI

15  discovery and the production of confidential, proprietary, or private information. *See* TSYS Dkt.

16  24 and Dkt. 38; Houserman Dkt. 21 and Dkt. 40. The parties previously stipulated to use the

17  expedited discovery submission procedures under LCR 37(a)(2) for all discovery disputes. TSYS

18  Dkt. 54 at 4; Houserman Dkt. 65 at 4.

19                              **II. DISCUSSION**

20      Discovery motions are strongly disfavored. The Court has broad discretion in controlling

21  discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

22      "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

23  party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

ORDER REGARDING JOINT MOTION TO
COMPEL LCR 37(a)(2) - 3

1   Under Rule 26, the concept of relevance "has been construed broadly to encompass any matter

2   that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or

3   may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

4        If the parties are unable to resolve their discovery issues, the requesting party may move

5   for an order to compel. Fed. R. Civ. P. 37(a)(1). The parties indicate that they have met and

6   conferred and have been unable to resolve their disputes regarding: (1) supplemental responses

7   to Houserman Interrogatory Nos. 4 and 6, and (2) the production of documents responsive to

8   Houserman RFP Nos. 45, 46, 51, 54, 58, and 62 and MSI/Houserman RFP No. 18; and (3) the

9   production of documents related to other complaints against Comtech (Interrogatory Nos. 6 and

10  7; RFP Nos. 46, 51, and 54).

11  **A.      Interrogatory No. 4 -- Comtech Presidents' Pre-Tax Profit Forecasts &
             Bonus Goals**

12

13  <u>Houserman's Interrogatory No. 4</u>: Identify the differences between the board approved
    budgets and their performance goals for each Comtech or TSYS officer or executive from

14  2015-FY 2019 and the amount of their potential variable compensation, including in your
    answer the following information: a) The amount of profit specified in the board

15  approved budget; b) The amount of profit specified in the particular officer or executives'
    performance goals; c) The difference between the two; d) Any explanations as to explain

16  the particular budget amount or performance goals.

17  <u>Comtech's Answer</u>: Defendants object to Interrogatory No. 4 to the extent it seeks
    documents concerning trade secret or other commercially sensitive, confidential

18  information relating to Comtech. Defendants further object to Interrogatory No. 4
    on the grounds that it seeks confidential, sensitive, personal information,

19  disclosure of which would invade the privacy rights of employees or former
    employees of Defendants who are not parties to this action. Defendants further

20  object to Interrogatory No. 4 as overly broad because it seeks information relating
    to every Comtech and TSYS officer and executive, without limitation. Defendants

21  further object to Interrogatory No. 4 to the extent it seeks information protected
    by the attorney-client privilege and/or the work-product doctrine. Subject to and

22  without waiving the General Objections or the foregoing specific objections, see
    documents produced [Eichberger00020-26].

23

1    According to MSI/Houserman, Comtech's response to Interrogatory No. 4 cited four

2   documents—two of Ms. Houserman's Goal Sheets, and two Goal Sheets for one other president.

3   *Id.*, ¶ 3. (Comtech documents indicate that it had six division presidents in Fiscal Year 2018.)

4   TSYS Dkt. 69; Houserman Dkt. 85, ¶ 4. However, these documents represent only two years'

5   worth of goal sheets for only two of Comtech's presidents and Comtech provided no information

6   regarding any presidents' pre-tax profit projections for the relevant period.

7    Comtech argues that it has already produced Goal Sheets for all division presidents from

8   2016 to 2019 and "to the extent there are gaps", objects to the production of "far-ranging

9   Comtech financial projections that implicate a number of business sensitivities—particularly

10  sensitive in light of Houserman's alleged breaches of her non-compete clause and MSI's role in

11  facilitating this breach." Comtech also argues that MSI/Houserman have failed to identify the

12  "gaps" in production. However, when the parties conferred on July 1, 2020, Comtech agreed to

13  supplement its interrogatory response and produce the requested information. TSYS Dkt. 69,

14  Houserman Dkt. 85, Declaration of Kristin W. Silverman, ¶¶ 6, 7 and Exs. C-F.

15  **Court's Ruling Regarding Interrogatory No. 4**

16   The documents sought are relevant to a central issue in Ms. Houserman's gender

17  discrimination claim against Comtech, *i.e.*, whether Ms. Houserman's pre-tax profit bonus goal

18  was comparable to the pre-tax profit goals of Comtech's other presidents (all males) when

19  compared to the presidents' Forecast for pre-tax profit. A workplace investigator retained by

20  Comtech concluded that Comtech's other presidents pre-tax profit goals were increased by only

21  an average of 3% to 10% above the presidents' pre-tax profit projections contained in their

22  annual forecasts. Thus, the information requested will allow a comparison of each president's

23  pre-tax profit projections reflected in their Forecasts to the pre-tax profit goals contained in their

ORDER REGARDING JOINT MOTION TO
COMPEL LCR 37(a)(2) - 5

1    Goal Sheets. To the extent Comtech is concerned about "business sensitivities," the Court has

2    entered a protective order, which permits Comtech to identify responses as Outside Counsel's

3    Eyes Only. TSYS Dkt. 38; Houserman Dkt. 40.

4         Accordingly, Comtech is **ORDERED** to produce a supplemental written response to

5    Interrogatory No. 4 within ten (10) days of this Order. Comtech's response must specifically

6    identify each Comtech president's pre-tax profit forecast and each Comtech president's pre-tax

7    profit goal for each year from 2015 through Comtech's Fiscal Year 2019.

8         **B.    RFP Nos. 18 and 45 – South Dakota's Lawsuit Against Comtech**

9         MSI/Houserman RFP No. 18: All documents and communications relating to
         TSYS' or Comtech's performance of its agreement(s) with Client A [the State of
10        South Dakota], including, but not limited to, documents and communications
         relating to the outage that occurred in October 2018.

11
         TSYS Response: Plaintiff objects to Request No. 18 on the grounds that it is
12        overly broad as it seeks "all documents and communications" regarding Client A
         regardless of whether they are related to Defendants or any party's claim or
13        defense. Plaintiff objects to Request No. 18 on the grounds that it seeks
         documents that are not in Plaintiff's possession or control. Plaintiff further objects
14        to Request No. 18 on the grounds that it is vague and ambiguous as to the
         meaning of the terms "documents and communications relating to," "performance
15        of its agreement" and "outage." Plaintiff further objects to Request No. 18 on the
         grounds that it seeks documents that are not reasonably calculated to lead to the
16        discovery of admissible evidence, not proportional to the needs of the case insofar
         as Plaintiff has knowledge of or access to the information requested, and that the
17        burden of the proposed discovery outweighs its likely benefit. Plaintiff further
         objects to Request No. 18 to the extent it seeks confidential, commercially
18        sensitive, and/or trade secret information. Plaintiff further objects to the extent the
         request seeks information protected by the attorney-client privilege or attorney
19        work product doctrine. Subject to and without waiving the General Objections or
         the foregoing specific objections, Plaintiff will produce any responsive
20        nonprivileged documents for the relevant time period. Plaintiff also offers to meet
         and confer with Defendants to establish appropriate ESI search parameters to find
21        documents responsive to a narrowed request."

22        Houserman RFP No. 45: All documents relating to the lawsuit captioned *State of
         South Dakota, Dept. of Public Safety on behalf of the South Dakota 9-1-1
23        Coordination Board v. NextGen Communications, Inc., Telecommunications
         Systems, Inc. and Comtech Telecommunications Corp.*, Case no. 32CIV19-

ORDER REGARDING JOINT MOTION TO
COMPEL LCR 37(a)(2) - 6

000169 (Hughes County Circuit Court filed on or around September 13, 2019) and the State of South Dakota's allegations in that action.

<u>Comtech's Response</u>: Defendants object to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and the burden of the proposed discovery outweighs its likely benefit because it seeks documents that are far beyond the scope of Plaintiff's claims and Defendants' defenses and potentially requires Defendants to produce any and all communications and documents relating to a lawsuit spanning several months. Subject to and without waiving the General Objections or the foregoing specific objections, all non-privileged discoverable pleadings are public documents and available to Plaintiff or will be captured through the ESI discovery process."

After Comtech made its ESI production, MSI/Houserman requested the production of all non-privileged, non-public documents related to the South Dakota lawsuit as those documents were not included in Comtech's ESI production. On July 10, 2020, Comtech confirmed that it would produce the outstanding documents, but failed to do so.

Comtech now argues that this additional request for non-privileged documents related to the litigation between South Dakota and Comtech is overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Comtech also contends that its previous ESI search of twelve current and former Comtech employees, using search terms propounded by MSI/Houserman, resulted in a production of all responsive documents (over 1,200) that refer to South Dakota. TSYS Dkt. 71, Houserman Dkt. 87, Ex. A to Fischman Decl. at 3. Comtech also argues that these materials are publicly available and that MSI/Houserman received "substantial documents' through subpoenas sent to the South Dakota 911 Board.

## **Court's Ruling Regarding RFP 18 and 45**

In the TSYS Case, Comtech alleges that MSI/Houserman interfered with Comtech's relationship with the State of South Dakota, while MSI/Houserman contend that it was Comtech's performance failures under its contract with South Dakota that caused South Dakota

ORDER REGARDING JOINT MOTION TO
COMPEL LCR 37(a)(2) - 7

1   to not renew its contract with Comtech. Thus, documents relating to TSYS/Comtech's

2   performance of its agreement with South Dakota, and documents relating to the referenced

3   lawsuit in which South Dakota sued Comtech for breach of contract, fraud, and performance

4   failures, are relevant to MSI/Houserman's defenses against TSYS's claim that they interfered

5   with Comtech's relationship with South Dakota.

6          Comtech does not contend that it has produced all documents in its possession that are

7   relevant to these discovery requests and in fact, previously agreed to make a supplemental

8   production (which it has not yet done). Instead, Comtech argues that it should not have to run a

9   supplemental ESI search and "produce any documents that may be identified without ESI

10  searching." However, the Court's ESI Order, to which the parties stipulated, contemplates

11  follow-up ESI searches. In addition, documents obtained from third parties or from the public

12  record do not relieve Comtech of its obligation to produce responsive documents in its

13  possession. *See* Fed. R. Civ. P. 45(c).

14         Accordingly, Comtech is **ORDERED** to produce all non-privileged documents

15  responsive to RFP Nos. 18 and 45, including correspondence with the State of South Dakota

16  regarding its lawsuit against TSYS/Comtech, within ten (10) days of this Order.

17         **C.      RFP 14 and 17 -- Comtech's Relationship with GDIT**

18         <u>Houserman RFP. No. 14</u>: All contracts, subcontracts or agreements between
    Comtech/TSYS, on the one hand, and "Client A" or Client B" [GDIT] (or with
19  Client B [GDIT] through TSYS, on the other.

20         <u>Comtech's Response</u>: Defendants object to Request for Production No. 14 on the
    grounds that it is overly broad as it seeks 'all contracts, subcontracts or
21  Agreements' regardless of whether they are related to Plaintiff or any party's
    claim or defense. Defendants further object to Request for Production No. 14 on
22  the grounds that it is vague and ambiguous as to the terms "agreements."
    Defendants further object to Request for Production No. 14 to the extent it seeks
23  confidential, commercially sensitive, and/or trade secret information. Defendants
    further object to Request for Production No. 14 to the extent it seeks documents

protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the General Objections or the foregoing specific objections, Defendants are searching in good faith for responsive documents and will produce any potentially responsive non-privileged documents for the relevant time period, including the agreements identified in the Complaint. See documents produced [TSYS00000010- 282; TSYS000528-TSYS000530; TSYS000657-TSYS000671].

<u>MSI/Houserman Request No. 17</u>: All documents and communications relating to the renewal of Client B's [GDIT's] contract with 'another U.S. State' alleged in Paragraphs 35 and 26 of the Complaint [Massachusetts] and the renewal of any contract between TSYS and Client B relating thereto.

<u>Comtech's Response</u>: Plaintiff objects to Request No. 17 on the grounds that it is overly broad as it seeks 'all documents and communications' regardless of whether they are related to Defendants or any party's claim or defense. Plaintiff objects to Request No. 17 on the grounds that it seeks documents that are not in Plaintiff's possession or control. Plaintiff further objects because the request is vague as the meaning of the phrase 'documents and communications relating to.' Plaintiff further objects to Request No. 17 to the extent it seeks confidential, commercially sensitive, and/or trade secret information. Plaintiff further objects to the extent the request seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the General Objections or the foregoing specific objections, Plaintiff will produce any responsive non-privileged documents for the relevant time period, including the agreements identified in paragraphs 35 and 36 of the Complaint. Plaintiff also offers to meet and confer with Defendants to establish appropriate ESI search parameters to find documents responsive to a narrowed request.

**<u>Court's Ruling Regarding RFP 14 and 17</u>**

In the TSYS Action, Comtech alleges that MSI/Houserman interfered with Comtech's relationship with GDIT (specifically with respect to Comtech and GDIT's subcontract related to GDIT's contract with Massachusetts). TSYS Dkt. 1 at ¶¶ 18, 94, 118, 126, 134. MSI/Houserman contend there was no interference or interruption with Comtech's relationship or subcontract with GDIT and that Comtech cannot prove any damages because Comtech acquired GDIT's NG911 business in April 2019 and was successful in obtaining a renewal of GDIT's contract with Massachusetts. Thus, materials relating to Comtech's acquisition of GDIT and Comtech's current contractual relationship with GDIT and/or Massachusetts are relevant to MSI/

1    Houserman's defense that, as a result of the acquisition, they could not have interfered with or

2    caused damage related to GDIT.

3           Comtech does not state that it has produced all documents in its possession that are

4    responsive to these requests and in fact, previously agreed to supplement its response to these

5    requests. Comtech now argues that it has already produced materials (over 1,000 pages) gleaned

6    from the ESI searches done to date. According to MSI/Houserman, Comtech has not yet

7    produced documents related to its acquisition of GDIT or documents reflecting its current

8    contractual relationship with GDIT and/or Massachusetts, the contract with which

9    MSI/Houserman allegedly interfered.

10          Comtech is not relieved of its obligation to identify and produce documents that may be

11   identified without ESI searching and, if a supplemental search is required, it must do so.

12   Accordingly, Comtech is **ORDERED** to produce all non-privileged documents responsive to

13   RFP Nos. 14 and 17, including documents and contracts related to TSYS/Comtech's acquisition

14   of all or part of GDIT and documents and contracts related to the current status of the current

15   business relationship between TSYS/Comtech/GDIT and Massachusetts, within ten (10) days of

16   this Order.

17          **D.     Houserman's Third Set of RFPs (RFP Nos. 54 through 62)**

18          (1)    <u>RFP Nos. 55, 57, 59, and 60</u>

19          Based on Comtech's representation that there are no additional documents responsive to

20   RFP Nos. 55, 57, 59, and 60, Ms. Houserman has withdrawn her motion as to these requests.

21   TSYS Dkt. 68; Houserman Dkt. 84, pp. 19-20.

22          (2)    <u>RFP No. 58</u>:  All documents relating to any claims of retaliation raised
                   regarding Comtech, Fred Kornberg, or Michael Porcelain, including any
23                 investigation materials or reports, any settlement documents, and any
                   correspondence relating to those claims.

1

2   <u>Comtech's Response</u>: Defendants object to this Interrogatory to the extent it seeks
information protected by the attorney-client privilege and/or the work product

3   doctrine. Defendant further objects to this Request on the grounds that the term
"claims" is vague and ambiguous. Defendant further objects to this Interrogatory

4   on the grounds that it is overly broad, unduly burdensome, and not proportional to
the needs of the case because it seeks information about all complaints "regarding

5   Comtech", a company of thousands of employees, many of whom never worked
or interacted with Plaintiff of the individual defendants. Defendant further objects

6   to this Request as over broad because it is not limited in temporal scope and
potentially includes information from years before Plaintiff was employed by

7   Comtech.

8   Subject to and without waiving the General Objections or the foregoing specific
objections, Defendants will produce documents regarding complaints of

9   retaliation made against Mr. Kornberg or Mr. Porcelain and any complaints of
retaliation made by SST employees from February 2016 to present to

10  management and/or Human Resources, if any such documents exist.

11  **Court's Ruling Regarding RFP 58**

12        Ms. Houserman argues that "Comtech's unilateral narrowing [of its response to this

13  request] is unwarranted" but does not explain the necessity or relevancy of the production of

14  documents prior to February 2016. The Court agrees that this request is overly broad and should

15  be limited temporal scope. Accordingly, Comtech is **ORDERED** to produce the responsive

16  documents offered (regarding complaints of retaliation made against Mr. Kornberg or Mr.

17  Porcelain and any complaints of retaliation made by SST employees from February 2016 to

18  present to management and/or Human Resources) within ten (10) days of this Order. The motion

19  to compel the remainder of RFP 58 is **DENIED**.

20       (3)    <u>RFP 62</u>: All agendas, meeting materials, or minutes of any meeting of the
Audit Committee or the Executive Compensation Committee of

21  Comtech's board of directors from Fiscal Year 2016 through the present.

22  <u>Comtech's Response</u>:  Defendants object to this Request on the grounds
that it is overly broad, unduly burdensome, and not proportional to the

23  needs of the case because it seeks information beyond the temporal scope
relevant to Plaintiff's claims and Defendants' defenses. Defendants further
object to this Request to the extent it seeks documents protected by the

ORDER REGARDING JOINT MOTION TO
COMPEL LCR 37(a)(2) - 11

attorney-client privilege and/or the work product doctrine. Subject to and without waiving these objections, see documents produced. Defendants will also supplement this response with any remaining responsive documents from FY 2016 – 2019.

Comtech states it has already produced all Audit Committee meeting notes referencing Ms. Houserman and the bonus accrual issue that led to termination of her employment. Comtech offers to search for and produce any relevant Executive Committee Meeting minutes discussing Ms. Houserman's bonus. Comtech argues that, other than the documents produced and/or offered to be produced, the remainder of this request is overbroad and seeks discovery of confidential business information that is not relevant to Ms. Houserman's claims.

### Court's Ruling on RFP 62

Comtech's concern about the commercial sensitivity of the documents requested may be assuaged by the Protective Order entered in these cases, which allows Comtech to designate sensitive documents as Outside Counsel's Eyes Only. The requested documents are also relevant for comparing how Comtech's board committees handled other presidents' bonus goals and/or deficiencies or bonus accrual issues with how Comtech treated these issues with respect to Ms. Houserman. Accordingly, Comtech is **ORDERED** to produce documents responsive to RFP No. 62 within ten (10) days of this Order. Where necessary, Comtech may produce them pursuant to the terms of the parties' Protective Order.

### E.    Other Complaints Against Comtech – Interrogatory Nos. 6 and 7; RFP Nos. 46, 51, and 54

Ms. Houserman also sought information and documents relating to other complaints against Comtech, including: (1) all gender or sex discrimination or sexual harassment claims made against or relating to Comtech, Mr. Kornberg, and/or Mr. Porcelain (from January 1, 2010) (Interrogatory No. 6 and RFP No. 46); (2) any concerns raised by current or former Comtech

ORDER REGARDING JOINT MOTION TO
COMPEL LCR 37(a)(2) - 12

employees, including former Comtech controller Karen Henry (Interrogatory No. 7 and RFP No. 51); and (3) any claims of discrimination by Michael Bristol (RFP No. 54). (The interrogatories, requests for production, and Comtech's response and objections to each are set forth in the parties' joint motion). See TSYS Dkt. 68; Houserman Dkt. 84.

**<u>Court's Ruling Regarding Interrogatory Nos. 6 and 7; RFP Nos. 46, 51, and 54</u>:**

(1)    Ms. Houserman is entitled to documents and information regarding other complaints of gender discrimination against Comtech over a reasonable period of time (*i.e.* from 2010 to the present). *See, e.g., Lauer v. Longevity Med. Clinic PLLC*, No. C13-0860-JCC, 2014 WL 5471983 at *4 (W.D. Wash. Oct. 29, 2014) (*"pattern and practice"* evidence is both discoverable and admissible to prove discriminatory intent.) (Internal citations omitted).  Comtech has provided no basis to unilaterally limit the temporal scope of the request or to limit its production only to certain formal written complaints and provided no response to the motion to compel these documents. Accordingly, Comtech is **ORDERED** to respond to and produce documents responsive to Interrogatory No. 6 and RFP No. 46 within ten (10) days of this Order.

(2)    Comtech represents in the Joint Motion that it will produce any additional responsive documents related to Ms. Henry's complaint, but it has not yet done so. Accordingly, Comtech is **ORDERED** to produce all additional responsive documents related to Ms. Henry's complaint requested in Interrogatory No. 7 and RFP No. 51, within ten (10) days of this Order.

(3)    Because Mr. Bristol brought an age discrimination complaint, Comtech argues that the complaint and documents related to it are not relevant to Ms. Houserman's gender discrimination complaint. Although comparator evidence concerns other employees who are

ORDER REGARDING JOINT MOTION TO
COMPEL LCR 37(a)(2) - 13

1   "similarly situated," the circumstances surrounding Comtech's investigation and resolution of

2   Mr. Bristol's complaint indicate that the information sought is relevant. Although Mr. Bristol

3   (like Ms. Houserman), was accused of improper financial reporting after he raised his complaint,

4   deposition testimony indicates that Comtech may have treated Mr. Bristol more favorably than it

5   treated Ms. Houserman. TSYS Dkt. 69, Silverman Decl.; ¶ 18, Ex. L; Houserman Dkt. 85,

6   Silverman Decl.; ¶ 18, Ex. L. Under these circumstances, documents related to Mr. Bristol's

7   complaint and Comtech's investigation and resolution of it (including any severance agreement

8   or terms of Mr. Bristol's departure) are relevant to Ms. Houserman's gender discrimination

9   claims, in which she alleges that Comtech treated her differently than it treated Comtech's other

10   male presidents.

11         Accordingly, Comtech is **ORDERED** to produce documents related to Mr. Bristol's

12   complaint as requested in RFP No. 54 within ten (10) days of this Order.

13                                         **III. CONCLUSION**

14         For the foregoing reasons, MSI/Houserman's request for an order requiring Comtech to

15   supplement its responses and produce documents (TSYS Dkt. 68; Houserman Dkt. 84) is

16   **GRANTED** as detailed above. Comtech shall provide MSI/Houserman with unredacted versions

17   of the responsive documents at issue in this motion no later than **ten (10) days** from the date of

18   this Order.

19         If there are concerns regarding compliance with this Order, the parties are directed to

20   jointly contact chambers to set a status conference.

21         **DATED** this 11th day of September, 2020.

22

23                                         _____
                                           BRIAN A. TSUCHIDA
                                           Chief United States Magistrate Judge

ORDER REGARDING JOINT MOTION TO
COMPEL LCR 37(a)(2) - 14