UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TELECOMMUNICATION SYSTEMS, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LYNNE HOUSERMAN and MOTOROLA SOLUTIONS, INC.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:19-cv-00336-RAJ-BAT<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF MSI CEO GREG BROWN** |

The Court, having considered the parties' LCR 37(a)(2) Expedited Joint Motion for Protective Order pursuant to LCR 37(a)(2) (Dkt. 78), and declarations in support (Dkt. 78, 80, and 81), hereby **DENIES** the request of Lynne Houserman and Motorola Solutions, Inc. ("MSI") to prohibit the deposition of MSI Chief Executive Officer and Chairman Greg Brown.

Pursuant to Fed. R. Civ. P. 26(c), this Court has discretion to fashion orders to prevent improper discovery. *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir.1999). Discovery may be improper if it is "unreasonably cumulative or duplicative," can be obtained from a more convenient source, or if its burden cannot be justified in view of the likely benefit. Fed. R. Civ. P. 26(b)(2) (C). In general, discovery is permissible with respect to "any nonprivileged matter that is relevant to any party's claim." Fed. R. Civ. P. 26(b)(1). Courts should not bar a relevant

ORDER DENYING MOTION FOR
PROTECTIVE ORDER REGARDING
DEPOSITION OF MSI CEO GREG BROWN - 1

deposition "absent extraordinary circumstances" as such a prohibition would "likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.1979). In deciding whether to allow the deposition of an "apex" executive, a court considers the extent of the individual's personal knowledge and whether the testimony sought will be unreasonably duplicative. *See Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D.Ala.1991); *see also Six West Retail Acquisition, Inc. v. Sony Theater Mgmt. Corp.*, 203 F.R.D. 98, 105 (S.D.N.Y.2001).

Here, Plaintiff has met its burden in demonstrating that Mr. Brown may have relevant, unique personal knowledge of relevant facts; in particular, that Mr. Brown was involved in MSI's efforts to acquire Comtech's and TCS's 911 call routing and handling services, assets, and executives. Defendants do not dispute that Mr. Brown has knowledge of the relevant circumstances underlying Plaintiff's claims. Rather, they merely assert he has less involvement than other witnesses and that he is a busy man. However, this is not sufficient for preventing the taking of a deposition.

Accordingly, Defendants' motion for an order prohibiting Mr. Brown's deposition (Dkt. 78) is **DENIED**.

DATED this 11th day of September, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge